IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REBEKAH J. HOOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07CV00511 |
| ) | |
| INTERNAL REVENUE SERVICE and ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF REVENUE, ) | |
| Defendants. ) | |

## ORDER

Beaty, Chief Judge.

This matter is presently before the Court on a Motion to Dismiss by the North Carolina Department of Revenue ("the Department")[Document #5]. Plaintiff filed a Complaint with this Court *pro se* seeking Declaratory Judgment that would cause the Department to "invade" her deceased husband's mutual fund in order to pay down the tax debt of Hoover's Funeral Home, Inc. The Department subsequently filed a Motion to Dismiss arguing that this Court lacks jurisdiction to hear the suit and that Plaintiff lacks standing and has failed to state a claim upon which relief can be granted. Plaintiff failed to respond to the Department's Motion to Dismiss.

After reviewing the Plaintiff's Complaint and the Department's Motion to Dismiss, the Court finds that it lacks jurisdiction over this case for two primary reasons. First, the Eleventh Amendment to the United States Constitution affords the Department, an agency of the State of North Carolina, sovereign immunity from suits brought by citizens of North Carolina. Puerto Rico Aqueduct v. Metcalf and Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed.

2d 605 (1993). Although a state may waive its sovereign immunity, the Court finds the Department has not waived, nor has Plaintiff alleged that the Department has waived its immunity. Second, it is well settled that the Tax Injunction Act prohibits district courts from enjoining, suspending, or restraining the "assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; Hough v. Mozingo, No. 1:04cv609, 2005 WL 1168462 *3 (M.D.N.C. April 29, 2005)(citing Collins Holding Corp. v. Jasper County, S.C., 123 F.3d 797, 799 n.2 (4th Cir. 1997)). Here, Plaintiff seeks to enjoin the means by which the state of North Carolina collects taxes that have been assessed by the State of North Carolina. To provide Plaintiff the remedy she requests would require the Court to impermissibly exceed the bounds of its jurisdiction.[1] Consequently, the Department's Motion to Dismiss [Document #5] is GRANTED and Plaintiff's Complaint against the Department are hereby DISMISSED.

This the 23rd day of January, 2008.

_____
United States District Court Judge

---

[1] Because the Court has determined that it lacks subject matter jurisdiction, the Court will not consider the Department's alternative grounds for dismissal.